# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TODD SHEPHERD, <br><br>     *Plaintiff*, <br><br> v. <br><br> CONSUMER FINANCIAL PROTECTION BUREAU, <br><br>     *Defendant*. | Civil Action No. 18-2004 (TJK) |

## ORDER

Journalist Todd Shepherd filed this lawsuit under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, against the Consumer Financial Protection Bureau (CFPB), seeking the phone records of its employee Leandra English from November 2017 through March 2018. The public focused its attention on the CFPB during those months when English sought— unsuccessfully—to be recognized as the CFPB's acting Director. *See English v. Trump*, 279 F. Supp. 3d 307, 313–15 (D.D.C. 2018). This case turns on whether the CFPB may properly withhold certain phone numbers reflected in the six pages of records identified as private, personal information under FOIA's Exemption 6. The CFPB and Shepherd have moved for summary judgment. ECF Nos. 10, 16. For the reasons explained below, the Court will deny both motions without prejudice and require the parties to propose a schedule for further summary judgment briefing. Neither the CFPB's motion and accompanying declaration nor Shepherd's motion are adequate for the Court to determine whether either party is entitled to summary judgment.

\*    \*    \*

"Summary judgment is appropriately granted when, viewing the evidence in the light most favorable to the non-movants and drawing all reasonable inferences accordingly, no reasonable jury could reach a verdict in their favor." *Lopez v. Council on Am.–Islamic Relations Action Network, Inc.*, 826 F.3d 492, 496 (D.C. Cir. 2016). "The evidence presented must show 'that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)).

Congress enacted FOIA to "pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Morley v. CIA*, 508 F.3d 1108, 1114 (D.C. Cir. 2007) (quoting *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976)). There is a "strong presumption in favor of disclosure," which "places the burden on the agency to justify the withholding of any requested documents." *U.S. Dep't of State v. Ray*, 502 U.S. 164, 173 (1991); *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Justice*, 746 F.3d 1082, 1088 (D.C. Cir. 2014). "The FOIA 'mandates that an agency disclose records on request, unless they fall within one of nine exemptions.'" *Electronic Privacy Info. Ctr. v. DHS*, 777 F.3d 518, 522 (D.C. Cir. 2015) (quoting *Milner v. Dep't of Navy*, 562 U.S. 562, 565 (2011)). And those exemptions "are explicitly made exclusive" and "must be narrowly construed." *Id.* (quoting *Milner*, 562 U.S. at 565).

When the propriety of an agency's withholding is at issue, summary judgment for the agency is justified if the agency's supporting declarations and exhibits describe the requested documents and "the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (quoting *Miller v. Casey*, 730 F.2d

773, 776 (D.C. Cir. 1984)).  The agency cannot rely on "conclusory and generalized allegations of exemptions." *Morley*, 508 F.3d at 1115 (quoting *Founding Church of Scientology of Wash., D.C., Inc. v. NSA*, 610 F.2d 824, 830 (D.C. Cir. 1979)).

Exemption 6 provides that agencies may withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy."  5 U.S.C. § 552(b)(6).  Courts follow a two-step process when considering withholdings or redactions under Exemption 6.  First, they "determine whether the [records] are personnel, medical, or 'similar' files covered by Exemption 6." *Multi Ag Media LLC v. Dep't of Agric.*, 515 F.3d 1224, 1228 (D.C. Cir. 2008).  The phrase "similar files" includes all information that "applies to a particular individual." *Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 599–603 (1982).  Second, if the records are so covered, courts "determine whether their disclosure 'would constitute a clearly unwarranted invasion of personal privacy.'" *Multi Ag. Media*, 515 F.3d at 1228 (quoting 5 U.S.C. § 552(b)(6)).

In making the latter determination, courts must "balance the public interest in disclosure against the interest Congress intended [Exemption 6] to protect." *Dep't of Def. v. FLRA*, 510 U.S. 487, 495 (1994) (quoting *Dep't of Justice v. Reporters Comm. for Freedom of Press*, 489 U.S. 749, 776 (1989)).  This involves a second two-step process.  Courts first determine whether "disclosure would compromise a substantial, as opposed to a *de minimis*, privacy interest." *Nat'l Ass'n of Home Builders v. Norton*, 309 F.3d 26, 33 (D.C. Cir. 2002) (quoting *Nat'l Ass'n of Retired Fed. Emps. v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989)).  If the interest is substantial, they "weigh the interest against the public interest in the release of the records." *Id.* (internal quotation marks omitted) (quoting *Horner*, 879 F.2d at 874).  Exemption 6 "does not categorically exempt individuals' identities . . . because the 'privacy interest at stake may vary

depending on the context in which it is asserted.'" *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 153 (D.C. Cir. 2006) (quoting *Armstrong v. Exec. Office of the President*, 97 F.3d 575, 582 (D.C. Cir. 1996)).  The "only relevant 'public interest in disclosure' to be weighed in this balance is the extent to which disclosure would serve the 'core purpose of the FOIA,' which is 'contribut[ing] significantly to public understanding of the operations or activities of the government.'" *Dep't of Def. v. Fed. Labor Relations Auth.*, 510 U.S. 487, 495 (1994) (alteration in original) (quoting *Reporters Comm.*, 489 U.S. at 775).

\*          \*          \*

The CFPB has identified six pages of landline and government-issued cell phone records that reflect the time, date, duration, and phone numbers associated with English's incoming and outgoing calls during the period requested.  ECF No. 10-3 ¶ 8.  It seeks to withhold a subset of the phone numbers reflected in those records—which it redacted when it produced the records to Shepherd—under Exemption 6.  In arriving at its redactions, the CFPB followed the following process: first, it identified its own employees' "Washington, D.C. office landline phone numbers," which it *did not* redact under Exemption 6.  *Id.* ¶¶ 9, 11.  And second, it used "the internet search tool Google" to determine whether the remaining phone numbers belonged to "a private individual or a business entity."  *Id.* ¶ 10.  Similarly, it *did not* redact phone numbers associated with business entities under Exemption 6.  *Id.* ¶ 11.  The CFPB does not say one way or the other whether it successfully used Google to associate any of the phone numbers with individuals.  It represents only that it redacted all phone numbers it could not link, as explained above, to either the CFPB's Washington, D.C. landlines or to businesses.  *Id.*

4

As explained below, the CFPB's motion and accompanying declaration and Shepherd's motion are inadequate for the Court to determine whether either party is entitled to summary judgment.

FOIA mandates a strong presumption of disclosure. And *the CFPB* bears the burden of proving that the phone numbers it redacted from the six pages of records at issue may be withheld under Exemption 6. But all the CFPB has told the Court about them is that they are *not* either (1) the CFPB's own Washington, D.C. landlines or (2) numbers that the CFPB could associate with businesses using Google. This information is insufficient for the Court to determine whether these phone numbers are personnel, medical, or "similar files" that apply to a particular individual; and, if so, whether, upon balancing the public interest in disclosure against the privacy interests at stake, their disclosure would constitute a clearly unwarranted invasion of personal privacy. To undertake the above analysis, the Court needs more information about the redacted phone numbers—as opposed to what they are not. As the Circuit has instructed, a privacy interest related to Exemption 6 may vary depending on the context in which it is asserted. Simply put, the Court has little context here.

Moreover, the CFPB's approach shows why the Court cannot—as the CFPB urges—simply assume on this record that all the redacted phone numbers are those of individuals with substantial privacy interests. The CFPB identified—and therefore did not redact—its own Washington, D.C. landlines that appeared in the records. But it apparently took no steps to identify landlines associated with other CFPB offices or CFPB-issued cell phones, two types of phone numbers that, at a minimum, do not clearly warrant withholding under Exemption 6. Similarly, the CFPB does not represent that it tried to identify, and therefore not redact, phone numbers associated with government offices or officials *outside the CFPB*. Whether Exemption

6 would cover such phone numbers—as in countless other situations—would depend on the particular facts, circumstances, and interests at stake.  And finally, the CFPB's use of Google to exclude phone numbers associated with businesses from the redacted phone numbers did not adequately accomplish that task, at least on the record here.  The Court has no information about the likelihood that a Google search of a phone number accurately reflects whether that phone number belongs to a business.  The Court therefore has no basis to infer there are no business phone numbers among those that the CFPB redacted and withheld from Shepherd.

*     *     *

For all the above reasons, it is hereby **ORDERED** that Defendant's Motion for Summary Judgment, ECF No. 10, is **DENIED WITHOUT PREJUDICE**, and Plaintiff's Cross-Motion for Summary Judgment, ECF No. 16, is **DENIED WITHOUT PREJUDICE**.  It is further **ORDERED** that by October 16, 2019, the parties shall jointly propose a schedule for filing renewed motions for summary judgment.

**SO ORDERED.**

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 17, 2019